IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN SAVOY, *Petitioner* | : : : | CIVIL ACTION |
| v. | : : | |
| THOMAS MCGINLEY, *et al.*, *Respondents* | : : : | No. 20-773 |

## MEMORANDUM

PRATTER, J.                                                                                 OCTOBER 13, 2021

Steven Savoy petitions for a writ of habeas corpus under 28 U.S.C. § 2254. Magistrate Judge Richard A. Lloret issued a Report and Recommendation that Mr. Savoy's petition be dismissed with prejudice as procedurally defaulted and improperly pleaded. Doc. No. 12. Mr. Savoy filed general objections. Doc. No. 15. On March 11, 2021, the Court directed Mr. Savoy to file specific objections within 60 days. Doc. No. 18. Mr. Savoy has not filed specific objections. For the following reasons, the Court dismisses Mr. Savoy's habeas petition as procedurally defaulted and improperly pleaded.

### BACKGROUND

Mr. Savoy was found guilty in state court in November 2013 of third-degree murder and endangering the welfare of a child by a parent or guardian. In April 2014, he was sentenced to 15 to 30 years' imprisonment. Mr. Savoy filed a motion for post-sentence relief, which the Philadelphia Court of Common Pleas denied without a hearing in May 2014. Mr. Savoy appealed, and on March 19, 2015, the Pennsylvania Superior Court affirmed the conviction, noting that there was sufficient evidence to support convictions of Mr. Savoy for third-degree murder and child endangerment. *Commonwealth v. Savoy*, No. 1455 EDA 2014, 2015 WL 7575077, at *3 (Pa. Super. Ct. Mar. 19, 2015). Mr. Savoy then sought an allowance of appeal from the Pennsylvania

1

Supreme Court, which was denied on August 19, 2015. *Commonwealth v. Savoy*, 121 A.3d 496 (Pa. 2015) (Table).

Mr. Savoy timely filed a Post-Conviction Relief Act ("PCRA") petition in state court under 42 Pa. Cons. St. § 9541 on September 3, 2015. The PCRA court appointed counsel, who filed an amended PCRA petition on behalf of Mr. Savoy. The Commonwealth filed a motion to dismiss the amended PCRA petition. Mr. Savoy then retained new counsel and filed a second amended PCRA petition that contained a claim of ineffective assistance of trial counsel based on failure to produce a rebuttal expert on the issue of infant head trauma and failure to file an adequate brief. The PCRA court dismissed Mr. Savoy's petition on November 14, 2019. Mr. Savoy did not appeal this dismissal.

On February 10, 2020, Mr. Savoy filed his *pro se* federal habeas petition (Doc. No. 1), listing one claim of ineffective assistance of trial counsel based on trial counsel's alleged failure to produce an expert witness at trial. Mr. Savoy alleges the following facts in support of this claim:

> Trial counsel never produce[d] [a] witness[,] he couldn't defend [petitioner] at trial, he did not know how to debate [the] State Expert. So[,] at trial he ask[ed] [the] judge if he would allow [h]im to get [a] Medical Examiner for [the] defense . . . Counsel said he didn't have time."

Doc. No. 1, at 5.

## STANDARD OF REVIEW

Upon receiving objections to a magistrate judge's report and recommendation, the reviewing "court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations" to which an objection is made. 28 U.S.C. § 636(b)(1)(C). "[T]he court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## DISCUSSION

### I. Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1)(A), Mr. Savoy's federal habeas petition is barred as procedurally defaulted. Magistrate Judge Lloret recommended dismissing Mr. Savoy's petition with prejudice because a petitioner must "fairly present[]" the merits of the federal claims through "one complete round of the established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires exhaustion of "the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The petitioner bears the burden of establishing that he exhausted his state remedies. *Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000).

Although Mr. Savoy raised his ineffective assistance of counsel claim in his PCRA petition, he did not appeal the dismissal of his PCRA petition to the Pennsylvania Superior Court. Moreover, the waiver and time bar provisions of the PCRA preclude Mr. Savoy from raising this claim in state court in the future. *See* 42 Pa. C. S. §§ 9543(a)(3), 9545(b)(1).

However, there are two limited exceptions that could excuse procedural default: showing cause for the default and actual prejudice, or showing that a fundamental miscarriage of justice would result from the dismissal of the habeas petition.[1]

#### A. Cause and Prejudice Standards

A federal habeas court is permitted to review a procedurally defaulted claim if the prisoner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law . . . ." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In his objections, Mr. Savoy states

---

[1] *See Brown v. Cuyler*, 669 F.2d 155, 158 (3d Cir. 1982) ("A federal habeas corpus petitioner has the burden of proving all facts entitling him to a discharge from custody. Although this burden is applicable to the substantive elements of a petitioner's claim, we see no reason why he should not bear the burden of demonstrating that he has met the procedural requisites that entitle him to relief as well." (citation omitted)).

that "Counsel appointed by [the] state filed all appeals without my knowledge forcing me into procedural default. Same counsel who lied to me in court [and] said we had [a] medical expert." Doc. No. 15, at 1. While inadequate assistance of counsel at the PCRA proceedings may establish cause, the petitioner must show that "the underlying ineffective-assistance-of-trial-counsel claim is a substantial one . . . ." *Martinez v. Ryan*, 566 U.S. 1, 14 (2012). Mr. Savoy does not allege any facts to support an argument that his trial counsel's failure to offer a rebuttal medical expert was a "substantial" one or that it prejudiced him. Therefore, the Court agrees with Magistrate Judge Lloret that the cause and prejudice standards do not save Mr. Savoy's petition.

### B. Fundamental Miscarriage of Justice

A court may also excuse procedural default if "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. In order to meet the fundamental miscarriage of justice exception, a petitioner must offer reliable evidence of actual innocence not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). As noted by Magistrate Judge Lloret, nowhere in his petition does Mr. Savoy allege that a rebuttal medical expert was available or that there are particular facts such an expert would rebut. In his objections, Mr. Savoy does not provide any additional information about his counsel's alleged failure to proffer a medical rebuttal expert. Thus, Mr. Savoy fails to show a fundamental miscarriage of justice to excuse his procedural default.

### II. Improper Pleading

Mr. Savoy has also failed to allege sufficient facts in support of his claim to meet AEDPA's heightened pleading requirements. Rule 2(c) of the Rules Governing Habeas Corpus requires petitioners to "specify all the grounds for relief available to [them]" and to "state the facts supporting each ground." *Mayle v. Felix*, 545 U.S. 644, 649 (2005). Here, Mr. Savoy alleges that

4

trial counsel "never produce[d] [a] witness[,] he couldn't defend [petitioner] at trial, he did not know how to debate [the] State Expert. So at trial he ask[ed] [the] judge if he would allow [h]im to get [a] Medical Examiner for [the] defense . . . Counsel said he didn't have time." Doc. No. 1, at 5. A petitioner "cannot meet his burden to show that counsel made errors so serious that his representation fell below an objective standard of reasonableness based on vague and conclusory allegations that some unspecified and speculative testimony might have established his defense." *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 298 (3d Cir. 1991). As noted above, Mr. Savoy did not allege that a rebuttal medical expert was available or that there are particular facts that such an expert would rebut. Indeed, he provided no additional facts to support his claim. Even under the liberal construction afford to *pro se* litigants, Mr. Savoy has not carried his burden of alleging adequate facts to support an ineffective assistance of counsel claim.

## CONCLUSION

For the reasons set out in this Memorandum, the Court dismisses Mr. Savoy's petition as procedurally defaulted and improperly pleaded and enters the accompanying Order.[2]

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[2] A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a "plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court will not issue a certificate here given the procedural default.